# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Emery K. Chaplin, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|  v. | )   C.A. No. 21-cv-00351-RGA |
| | ) |
| Coca Cola Beverages Northeast, | ) |
| | ) |
|    Defendant. | ) |

## OPENING BRIEF IN SUPPORT OF COCA-COLA BEVERAGES NORTHEAST, INC.'S MOTION TO DISMISS THE COMPLAINT

             A. Thompson Bayliss (#4379)
             Daniel J. McBride (#6305)
             Christopher Fitzpatrick Cannataro (#6621)
             ABRAMS & BAYLISS LLP
             20 Montchanin Road, Suite 200
             Wilmington, Delaware 19807
             (302) 778-1000

             *Attorneys for Defendant*

Date: June 30, 2021

## **TABLE OF CONTENTS**

**PAGE**

BACKGROUND ........................................................................................................................... 1

PROCEDURAL HISTORY ......................................................................................................... 3

ARGUMENT ................................................................................................................................. 3

I.      PLAINTIFF LACKS CONSTITUTIONAL STANDING ................................................. 3

II.     THIS COURT LACKS SUBJECT-MATTER JURISDICTION ....................................... 4

        A.     Plaintiff Has Failed to Allege Federal Question Jurisdiction .................................. 4

        B.     Plaintiff Has Failed to Allege Diversity Jurisdiction ............................................... 5

III.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................................ 7

        A.     Plaintiff Fails to Allege a Common Law Trademark Claim ................................... 8

        B.     Plaintiff Does Not Allege a Claim For "Deceptive and Unfair Trade Practices" ............................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                     **Page(s)**

*Am. Legion v. Am. Humanist Ass'n*,
   139 S. Ct. 2067 (2019) (Gorsuch, J., concurring) ................................................................4

*Am. Petrofina v. Petrofina of Cal., Inc.*,
   596 F.2d (9th Cir. 1979) .....................................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................................................7

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) ...........................................................................................................5

*Del Vecchio v. Conseco, Inc.*,
   230 F.3d 974 (7th Cir. 2000) ..............................................................................................7

*Glob. BTG LLC v. Nat'l Air Cargo, Inc.*,
   2011 WL 2672337 (C.D. Cal. June 29, 2011) ...................................................................2

*Johnson v. Trans Union LLC*,
   2013 WL 2182789 (E.D. Pa. May 21, 2013) .....................................................................5

*Jones v. Malaco Music*,
   2 F. Supp. 2d 880 (S.D. Miss. 1998) ..................................................................................7

*Kennedy v. Law Sch. Admissions Council, Inc.*,
   2018 WL 6188781 (D. Del. Nov. 11, 2018) ..............................................................5, 7, 8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ...........................................................................................................3

*Merrell Dow Pharms. Inc. v. Thompson*,
   478 U.S. 804 (1986) ...........................................................................................................5

*Mt. Healthy City Bd. of Educ. v. Doyle*,
   429 U.S. 274 (1977) ...........................................................................................................6

*Oran v. Stafford*,
   226 F.3d 275 (3d Cir. 2000) ...............................................................................................2

*Ramson v. Mid Am. States*,
   2006 WL 1118136 (N.D. Tex. Apr. 27, 2006) ..................................................................6

*Samuel–Bassett v. KIA Motors Am., Inc.*,
   357 F.3d 392 (3d Cir. 2004) ...............................................................................................6

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
    143 F. Supp. 3d 1026 (N.D. Cal. 2015) ................................................................................8

*Suber v. Chrysler Corp.*,
    104 F.3d 578 (3d Cir. 1997) ..................................................................................................6

*Toll Bros., Inc. v. Twp. of Readington*,
    555 F.3d 131 (3d Cir. 2009) ..............................................................................................3, 4

*U.S. Express Lines v. Higgins*,
    281 F.3d 383 (3d Cir. 2002) ..................................................................................................5

*Vallavista Corp. v. Amazon.com, Inc.*,
    657 F. Supp. 2d 1132 (N.D. Cal. 2008) ................................................................................9

*Vlandis v. Kline*,
    412 U.S. 441 (1973) ...............................................................................................................6

**Rules & Statutes**

6 *Del. C.* § 2513 ..............................................................................................................................10

15 U.S.C. § 45 .................................................................................................................................9

28 U.S.C. § 1331 ........................................................................................................................3, 4

28 U.S.C. § 1331(a)(1) ...................................................................................................................6

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................7

Fed. R. Civ. P. 12(b)(1) ..............................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1, 7

**Other Authorities**

California Secretary of State's Business Search, available at
    https://businesssearch.sos.ca.gov/ .........................................................................................2

Cal. Bus. & Prof. Code § 17200 ....................................................................................................10

iii

Coca-Cola Beverages Northeast, Inc. ("CCBN"), by and through its undersigned counsel, respectfully moves to dismiss the complaint filed in this action (the "Complaint;" D.I. 2) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because (i) Plaintiff lacks standing, (ii) the Court lacks subject-matter jurisdiction, and (iii) Plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

Movant CCBN is one of the nation's largest Coca-Cola bottlers.  CCBN was known as Coca-Cola Bottling Company of Northern New England until October 2019, when it rebranded to reflect its growing presence in the northeastern United States.  Pursuant to an agreement with BA Sports Nutrition, LLC, CCBN distributes BODYARMOR, a premium sports drink that provides superior hydration.  Among other marks, BA Sports Nutrition owns the 'BODYARMOR" trademark, registered with the USPTO on December 7, 2010, with registration number 3886570.

Plaintiff Emery K. Chaplin ("Mr. Chaplin" or the "Plaintiff") alleges few facts in his *pro se* Complaint.[1]  According to the Complaint, Plaintiff's grievance concerns the alleged infringement by "Coca Cola Beverages Northeast"[2] of a "BodyArmour Nutrition" trademark (the "Mark").  Plaintiff alleges that "Defendant has marketed, advertised and sold, and continues to

---

[1] Approximately two years ago, Plaintiff filed a strikingly similar complaint in the United States District Court for the Central District of California, naming "BodyAmor Nutrition, LLC," Jeffrey R. Cohen, Kobe Bryant, Coca Cola Corporation, and Does 1–100 as defendants.  Ex. A (the "California Complaint").  Like here, Plaintiff made only a claim for "California common law trademark," and he did not provide a clear indication that the dispute arose under the Lanham Act. The court observed that "California common law trademark" does not create a federal question and dismissed the action *sua sponte*.  Ex. B at 1 (order dismissing California Complaint).

[2] Plaintiff describes the defendant (the "Defendant") with three monikers: "Coca Cola Beverages ***Northeaast***"; "Coca Cola Beverages ***Northeast***"; and "***Cola*** Beverages Northeast." Compare D.I. 2 at 1 ("Northeaast")*, and id.* at 2 ("Northeaast"), *with id.* at 4 ("Northeast"), *with id.* at 4 (no "Coca").  CCBN received a copy of the Complaint through its registered agent and responds on the assumption that it was the intended defendant.

market advertise and sell[ ] it[]s services using the 'Mark' through infringing 'bodyarmornutrition' website as well as major retail outlets throughout the United States and around the world." D.I. 2 at 6. Plaintiff claims that, because of Defendant's purported conduct, an entity called "BodyArmour Nutrition LLC, California" is "no longer . . . able to do business." *Id*. Plaintiff seeks $100 million in damages. *Id.* at 7.

The Complaint suffers from numerous fatal flaws. *First*, Plaintiff concedes that he has suffered no injury:

> **V.   INJURIES**
> *If you sustained injuries related to the events alleged above, describe them here.*
> NONE

*Id.* Despite suffering no injury, Plaintiff asks the Court to award $100 million in damages. *Id.*

*Second*, confirming Plaintiff's assertion that he has suffered no injury, Plaintiff does not allege that he holds the alleged Mark that he claims Defendant is infringing. Plaintiff claims that the alleged infringement has affected "BodyArmour Nutrition LLC, California" negatively, but this entity does not exist.[3] And even if it did exist, Plaintiff alleges no connection whatsoever between himself and BodyArmour Nutrition LLC, California.

*Third,* even if these flaws were not fatal to the Complaint (they are), Plaintiff has also failed to state a claim upon which relief can be granted.

The Court should dismiss the Complaint in its entirety, with prejudice.

---

[3] The California Secretary of State's Business Search, available at https://businesssearch.sos.ca.gov/, contains no record of the supposed entity. The Court may take judicial notice of this fact. *See, e.g.*, *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citing Fed. R. Evid. 201(b)(2)); *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, 2011 WL 2672337, at *1 (C.D. Cal. June 29, 2011) (taking judicial notice of results of California Secretary of State internet search for business entities).

## PROCEDURAL HISTORY

Plaintiff filed the Complaint on March 8, 2021, alleging that this Court has federal-question jurisdiction under 28 U.S.C. § 1331.  On March 18, 2021, the Court denied Plaintiff's request to proceed *in forma pauperis*.  D.I. 5 at 1.  Plaintiff delivered a copy of the Complaint and summons to CCBN's registered agent on June 9, 2021.

## ARGUMENT

I.  **PLAINTIFF LACKS CONSTITUTIONAL STANDING**

Plaintiff lacks constitutional standing to bring this lawsuit.  Federal courts have the power to adjudicate only genuine "cases" and "controversies."  U.S. CONST. art. III, § 2.  That power includes the requirement that litigants have standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To establish constitutional standing, Plaintiff must meet three elements.  *First*, he must show "'injury in fact'—an invasion of a legally protected interest which is . . . concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* (internal quotation marks omitted).  *Second*, Plaintiff must show a "causal connection between the injury and the conduct complained of."  *Id.*  The injury must be "fairly ... trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  *Id.*  *Third*, Plaintiff must show that it is "likely," not merely "speculative," that the injury will be "redressed by a favorable decision."  *Id.* at 561.  Of the three elements, "the injury-in-fact element is often determinative."  *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009).

At the heart of Plaintiff's cursory Complaint is his claim that "Defendant's infringement of the Mark as alleged herein has caused, and will continue to cause the Plaintiff BodyArmour Nutrition [LLC], California to suffer monetary damages."  D.I. 2 at 6.  But Mr. Chaplin lacks standing to assert that claim.  He explicitly concedes that he has suffered ***no injury***.  *Id.* at 7.

Because Plaintiff concedes that he has suffered no injury, the Court need not inquire whether his injury is concrete and particularized or actual or imminent. Plaintiff seeks $100 million in damages, *id.*, but he does not explain why he is entitled to any damages.

Based upon his own allegations, Plaintiff is correct that he has suffered no injury. He alleges that "Defendant's activities as alleged herein, have caused BodyArmour Nutrition LLC, California to no longer be able to do business." *Id.* at 6. But Mr. Chaplin (i.e., Plaintiff) is not BodyArmour Nutrition LLC, California, and he provides no explanation of his relationship to that purported entity. Because Mr. Chaplin asserts no connection between himself and the allegedly infringed Mark, and because "BodyArmour Nutrition LLC, California" is not a party to this action and does not exist,[4] Plaintiff fails to allege a causal connection between any injury and his grievances. *Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2100 (2019) (Gorsuch, J., concurring) (the law refuses to confer standing on mere "offended observers"). The Court should dismiss the Complaint for lack of standing.

## II.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION

### A.   Plaintiff Has Failed to Allege Federal Question Jurisdiction

The Court lacks subject-matter jurisdiction over Plaintiff's claims. Plaintiff asserts that the Court may exercise federal-question jurisdiction, D.I. 2 at 3, but he alleges only trademark infringement "under the ***California 'Common Law Copyright***,'" D.I. 2 at 6 (emphasis added). This state-law claim does not support federal-question jurisdiction.[5] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804,

---

[4] Plaintiff does not allege clearly, but appears to imply, that BodyArmour Nutrition LLC, California owns the Mark. *Id.* at 6.

[5] *See* supra note 1 and Ex. B (order dismissing California Complaint).

4

813 n.11 (1986) (noting that, for the Court to exercise federal-question jurisdiction, federal law "must be in the forefront of the case and not collateral, peripheral, or remote"); *U.S. Express Lines v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (same).

Plaintiff concedes that his Complaint concerns only "the Trademark infringement of BodyArmour Nutrition . . .," which he alleges is based on California law. D.I. 2 at 4, 6. No factual allegations underly Plaintiff's invocation of "False Designation of Origin and Unfair Competition" (a possible reference to the Lanham Act) and "Deceptive and Unfair Trade Practices" (a possible reference to the Federal Trade Commission Act—which does not provide a private right of action[6]—or to any number of state statutes). *Id.* at 3. Because Plaintiff makes no attempt to develop these claims, they do not provide a basis for subject-matter jurisdiction in this action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Kennedy v. Law Sch. Admissions Council, Inc.*, 2018 WL 6188781, at *2 (D. Del. Nov. 11, 2018) ("Despite the reference to the Sherman Act, the Complaint does not state a claim for a Sherman Act violation, and therefore the Sherman Act cannot be the basis for jurisdiction.").

### B.  Plaintiff Has Failed to Allege Diversity Jurisdiction

Plaintiff did not attempt to invoke diversity jurisdiction. Even if he did, the Court should dismiss the Complaint for lack of subject-matter jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28

---

[6] *See, e.g.*, *Johnson v. Trans Union LLC*, 2013 WL 2182789, at *4 (E.D. Pa. May 21, 2013) (dismissing claim with prejudice because no private right of action exists under Federal Trade Commission Act, which prohibits unfair methods of competition and unfair or deceptive acts or practices).

5

U.S.C. § 1331(a)(1).  As the party purportedly asserting diversity jurisdiction, the plaintiff bears the burden of proof.  *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

*First*, Plaintiff failed to allege complete diversity of citizenship between the parties. Citizenship concerns one's domicile. *Vlandis v. Kline*, 412 U.S. 441, 454 (1973).  A corporation's domicile is in both its place of incorporation and its principal place of business.  *See* § 1332(c)(1). Plaintiff does not allege the principal place of business of Defendant.  He pleads only that Coca Cola Beverages **Northeaast** (one of three names / spellings used to refer to Defendant) has an address in Delaware (the address of CCBN's registered agent).  This does not suffice to demonstrate complete diversity because an entity's principal place of business can defeat the complete-diversity requirement.  Accordingly, Plaintiff has failed to adequately plead complete diversity of citizenship.

*Second*, the Complaint's bald assertion concerning the amount in controversy is insufficient to establish diversity jurisdiction.  A good faith allegation is required to satisfy the amount-in-controversy requirement.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 276 (1977) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." (internal quotation marks omitted)).  Plaintiff's assertion that he is entitled to $100 million in damages does not suffice.  On the same page of his Complaint, Plaintiff admits that he has suffered no injury. *Id.*  Therefore, his damages must be $0.00, not $100,000,000.  Because "[i]t . . . appear[s] *to a legal certainty* that the claim is really for less than the jurisdictional amount," Plaintiff has failed to satisfy the amount-in-controversy requirement.  *See Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997); *see also Ramson v. Mid Am. States*, 2006 WL 1118136, at *2 (N.D. Tex. Apr. 27, 2006) (dismissing *pro se* complaint here the plaintiff "alleged only that he lost

6

the value of an emersion heater," which "the Court c[ould] say with a legal certainty" would not result in a recovery "in excess of $75,000"); *Jones v. Malaco Music*, 2 F. Supp. 2d 880, 883–84 (S.D. Miss. 1998) (holding that it was legally certain that plaintiff's claims of willful breach of contract, civil rights violations, intentional infliction of emotional distress, negligence, and punitive damages—premised only on defendant's alleged act of not sending plaintiff has royalty check for $898.39 to his unknown correct address—could not justify damages above the then-prevailing jurisdictional minimum, let alone justify the $5.8 million damages award sought by the plaintiff); *cf. Woodmen cf. Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (dismissing for lack of subject-matter jurisdiction when alleged amount-in-controversy depended on a punitive damages award of 125 times the compensatory damages claimed).

For both reasons, the Court should dismiss the Complaint for lack of subject-matter jurisdiction.

## III. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Court should dismiss the Complaint for the independent reason that Plaintiff fails to state any claim under Rule 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff fails to clearly identify the claim that he attempts to plead. But even if the Complaint is construed liberally, Plaintiff fails to state a claim under any possible cause of action. *See, e.g.*, *Kennedy*, 2018 WL 6188781, at *2 (dismissing *pro se* complaint because sole "allegation f[e]ll[ ] woefully short of alleging a plausible basis for an antitrust claim").

A.  **Plaintiff Fails to Allege a Common Law Trademark Claim**

Plaintiff frames his claim as a trademark claim. On page 3 of his Complaint, Plaintiff identifies his claim as one for "Common Law Trademark Infringement." D.I. 2 at 3. On the next page, he states that "[t]his matter concerns the Trademark infringement of BodyArmour Nutrition." *Id.* at 4. In the body of his allegations, Plaintiff clarifies that his trademark claim arises under California law: "Defendant has violated the trademark rights of the Plaintiff under the California 'Common Law Copyright' thereby giving rise to this cause of action."[7] *Id.* at 6.

To allege a common-law-trademark-infringement claim under California law, Plaintiff must allege: "(1) ownership interest in a mark, and (2) the likelihood of the infringing mark being confused with the plaintiff's mark." *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1038–39 (N.D. Cal. 2015) (citing *Wood v. Apodaca*, 375 F.Supp.2d 942, 947–48 (N.D. Cal. 2005)).

Plaintiff's claim fails under both prongs. *First*, Plaintiff fails to allege that he has an ownership interest in the Mark. One might infer from the Complaint that Plaintiff believes that the non-existent California entity owns the Mark, but that would not help Plaintiff, and any allegation to that effect is unclear and entirely conclusory. "An ownership interest is demonstrated through priority of use." *Id.* (citing *Wood*, 375 F.Supp.2d at 948); *see also Am. Petrofina v. Petrofina of Cal., Inc.*, 596 F.2d at 897 (9th Cir. 1979) ("[W]hosoever first adopts and uses a trade name, either within or without the state, is its original owner."). Plaintiff does not allege that he or the non-existent entity ever used the Mark or that either of them used the Mark before Defendant allegedly used it.

---

[7] Because copyright law is distinct from trademark law, CCBN analyzes Plaintiff's claim as a California common law trademark infringement claim.

8

*Second*, Plaintiff does not allege how Defendant is using the Mark or why or how the alleged use of the Mark is likely to cause confusion.  BODYARMOR sells beverage products, which CCBN distributes.  Plaintiff alleges in a conclusory fashion that "Defendant has marketed, advertised and sold , [sic] and continues to market advertise and sells [sic] it's [sic] *services* using the 'Mark' through the Infringing "bodyarmornutrition" website as well as major retail outlets throughout the United States and around the world." D.I. 2 at 6 (emphasis added).  Plaintiff does not explain what services Defendant is alleged to provide through the alleged website or retail outlets, or why any customers would be confused.  Plaintiff's bare bones allegations fail to state a claim for trademark infringement.[8]

### B.  Plaintiff Does Not Allege a Claim For "Deceptive and Unfair Trade Practices"

In the body of his allegations, Plaintiff attempts to make a single claim, his trademark infringement claim described above.  In his failed attempt to allege federal question jurisdiction, Plaintiff also mentions "Deceptive and Unfair Trade Practices."  Plaintiff does not attempt to develop this claim, and the Court should disregard it.

The Federal Trade Commission Act prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," 15 U.S.C. § 45, but it does not provide a private cause of action.  *See supra* note 6.  Numerous state statutes provide for this type of action.  For example, under California law, a defendant may be held liable

---

[8] As noted above, in his attempt to allege federal question jurisdiction, Plaintiff also mentions "False Designation of Origin or Unfair Competition," which may be a reference to language in the Lanham Act.  Plaintiff cannot state a claim under a statute by identifying the statute as a basis for jurisdiction but then explicitly only pursuing a claim under state common law.  Even if he could, a Lanham Act claim would fail for the same reasons as the state-law claim.  *See Vallavista Corp. v. Amazon.com, Inc.*, 657 F. Supp. 2d 1132, 1136 (N.D. Cal. 2008) ("To successfully maintain an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act or California law, plaintiff must show that it has a valid trademark and that defendant's use of the mark is likely to cause confusion.").

for engaging in an "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  Delaware's statute is similar.  *See* 6 *Del. C.* § 2513 ("The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.").  Plaintiff fails to plead any facts relating to this type of claim.  To the extent the Court construes Plaintiff's reference to "Deceptive and Unfair Trade Practices" as an attempt to state a claim for relief, the Court should dismiss that claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's entire Complaint with prejudice.

Dated:  June 30, 2021

/s/ Daniel J. McBride
A. Thompson Bayliss (#4379)
Daniel J. McBride (#6305)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
(302) 778-1000

*Attorneys for Coca-Cola Beverages Northeast, Inc.*

10