IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Emery K. Chaplin,

                             Plaintiff;

    v.

Coca Cola Beverages Northeast,

                             Defendant.

Civil Action No. 21-351-RGA

MEMORANDUM OPINION

Emery Kent Chaplin, Lexington, SC. Pro Se Plaintiff.

A. Thompson Bayliss, Daniel J. McBride, Christopher Fitzpatrick Cannataro, ABRAMS & BAYLISS LLP, Wilmington, DE;

    Attorneys for Defendant.

March 29, 2022

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

Before me is Defendant's motion to dismiss. (D.I. 10). Plaintiff Emery K. Chaplin filed this trademark infringement lawsuit *pro se*. (D.I. 2). I have considered the parties' briefing. (D.I. 11, 21, 24). For the following reasons, Defendant's motion is GRANTED.

## I. BACKGROUND

Plaintiff Emery K. Chaplin alleges that Defendant Coca Cola Beverages Northeast infringes the trademark "BodyArmour Nutrition." (D.I. 2 at 4). Coca Cola Beverages Northeast is a regional bottler that distributes the sports drink "BODYARMOR." (D.I. 11 at 1). As the basis for jurisdiction, Plaintiff states that the following rights have been violated: "1) Common Law Trademark Infringement 2) False Designation of Origin and Unfair Competition 3) Deceptive and Unfair Trade Practices." (*Id.* at 3). Regarding venue, Plaintiff alleges, "Coca Cola Beverages Northeast is Headquartered in the County." (*Id.* at 4). In his statement of facts, Plaintiff alleges:

> Defendant has marketed, advertised and sold, and continues to market advertise and sell[] it[s] services using the "Mark" though the Infringing "bodyarmournutrition" website as well as major retail outlets throughout the United States and around the world. The Defendant's activities as alleged herein, have caused BodyArmour Nutrition LLC, California to no longer be able to do business. These actions are due to the detriment of the Defendant. Plaintiff has no control over The Mark due to the Defendant's actions and the Plaintiff's valuable good will in respect to it[s] Mark is at the Mercy of the Defendant. Defendant's use of the Mark as alleged herein, and marketing, advertising and sale of services using the Mark throughout the United States and around the world was done without the knowledge, consent or permission of the Plaintiff and continues without the consent or permission of the Plaintiff. Defendant has violated the trademark rights of the Plaintiff under the California "Common Law Copyright" thereby giving rise to this action.
>
> Defendant's infringement of the Mark as alleged herein has caused, and will continue to cause the Plaintiff BodyArmour Nutrition, California to suffer monetary damages and Defendant to gain revenues and profits in an amount unknown at this time. Any monetary damages awarded to Plaintiff should be substantial. The Plaintiff is also entitled to attorney conference fees.

2

(*Id.* at 6).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 550). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that] allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Common Law Trademark

To allege California common law trademark infringement, Chaplin must allege "(1) ownership interest in a mark, and (2) the likelihood of the infringing mark being confused with the plaintiff's mark." *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1038-39 (N.D. Cal. 2015) (citing *Wood v. Apodaca*, 375 F.Supp.2d 942, 947–48 (N.D. Cal. 2005)). "An ownership interest is demonstrated through priority of use." *Id.* "California common law . . . provides that whosoever first adopts and uses a trade name, either within or without the state, is its original owner. This rule applies to trademarks as well as tradenames." *Kelley Blue Book v. Car-Smarts, Inc.*, 802 F. Supp. 278, 289 (C.D. Cal. 1992) (citations omitted; cleaned up).

In his statement of facts, Chaplin mentions common law copyright. I take this to refer to his common law trademark claims. Whatever common law copyright protection Chaplin might be claiming is likely preempted by the Copyright Act of 1976. *See Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983) ("The Copyright Act of 1976 preempts common law copyright claims, unless the claims arose from 'undertakings commenced before January 1, 1978.'" (citing 17 U.S.C. § 301(b)(2))). Furthermore, and titles and short phrases cannot be copyrighted. *Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009) ("[W]ords and short phrases are excluded from copyright protection.").

4

### C. False Designation of Origin and Unfair Competition

15 U.S.C. § 1125(a) provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To establish a claim, "the owner of an unregistered mark 'has the burden of ... proving the existence of a protectable mark.'" *Parks LLC v. Tyson Foods, Inc*, 863 F.3d 220, 226 (3d Cir. 2017) (citing *E.T. Browne Drug Co. v. Cococare Prod., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008)).

### D. Deceptive and Unfair Trade Practices

Although unclear from the complaint, I assume Chaplin is referring to the California law prohibiting "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

### III. DISCUSSION

Coca Cola Beverages Northeast ("CCBN") argues that this action should be dismissed because Chaplin lacks standing, the Court lacks subject matter jurisdiction, and Chaplin has failed to state a claim upon which relief can be granted. (D.I. 11). I find that Chaplin has failed to state a claim upon which relief can be granted and will therefore grant CCBN's motion to dismiss without prejudice.

I will first address CCBN's standing and jurisdictional arguments. CCBN argues, "Plaintiff concedes that he has suffered no injury." (D.I. 11 at 4). I disagree. It is true that Chaplin responded to the prompt, "If you sustained injuries related to the events alleged above,

5

describe them here," with "NONE." (D.I. 2 at 7). As Chaplin explains in his answering brief, "This case is not about bodily injury or physical harm but the unlawful use of my intellectual property." (D.I. 21 at 1 of 2). Construing his complaint as a whole in the light most favorable to the plaintiff, Chaplin has alleged trademark infringement, which constitutes an injury. He further alleges damages to the tune of one hundred million dollars. (D.I. 2 at 6-7).

Regarding subject matter jurisdiction, Chaplin checked the "federal question" box in his complaint. (D.I. 2 at 3). Chaplin appears to be alleging violations of the federal Lanham Act, which would support federal question jurisdiction. Although I agree with CCBN that Chaplin has failed to state a claim under the Lanham Act or the common law, Chaplin has alleged trademark infringement and referenced provisions which, construed in the light most favorable to plaintiff, are likely references to the Lanham Act.

CCBN also attacks diversity jurisdiction. Since I think there is likely federal question jurisdiction, I do not need to address diversity jurisdiction. However, I think it likely that the Court has diversity jurisdiction as well. Based on Chaplin's forms, he appears to live in South Carolina. The inference most favorable to Chaplin is that he is a citizen of South Carolina. The complaint alleges that CCBN is "headquartered" in Delaware. (D.I. 2 at 4). Construed most favorably to the Chaplin, Chaplin has alleged that CCBN has a principal place of business, or is incorporated, in Delaware. I take judicial notice that a public record search of the Delaware Department of State's website reflects that CCBN is indeed incorporated in Delaware. *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (type "Coca Cola Beverages Northeast" into the "Entity Name" field and click "Search"). Chaplin has alleged damages of one hundred million dollars, which meets the amount in controversy requirement. Thus, the Court likely has diversity jurisdiction in this case.

6

If Chaplin chooses to amend his complaint, and chooses to rely upon diversity jurisdiction, he will need to make the appropriate representations about which state he was a citizen of at the time of the filing of the complaint.

I agree with CCBN that Chaplin has failed to state a claim upon which relief can be granted. Each cause of action requires plaintiff to plead an ownership interest in the mark. While Chaplin attaches exhibits showing his use of the mark from at least 2005 to his answering brief, I cannot consider evidence that is neither attached to the complaint nor integral to the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The complaint contains only conclusory assertions that defendant infringed the mark, and that this infringement has caused "BodyArmour Nutrition LLC, California to no longer be able to do business." (D.I. 2 at 6). There is no explanation of how Chaplin is associated with the California company BodyArmour Nutrition LLC.[1] Nor are there other facts showing that Chaplin himself has an ownership interest in the mark. Similarly, the complaint fails to plead Chaplin's priority of use—there are no facts pled regarding the timeframe of both Chaplin's and defendant's use of the mark.

Further, Chaplin has failed to plead a likelihood of confusion. Chaplin does not allege any facts showing how or why a consumer would confuse CCBN's use of "bodyarmornutrition" with Chaplin's mark. Although the marks "BodyArmour Nutrition" and "bodyarmornutrition" are similar, the complaint alleges no details regarding plaintiff's use of the mark and only scant assertions that CCBN has "marketed, advertised and sold" its "services" using the mark. (D.I. 2 at 6). There are no facts that support the other likelihood of confusion factors, such as the

---

[1] Chaplin refers to BodyArmour Nutrition as being "Plaintiff" and the common law trademark as being "its" mark. (D.I. 2 at 6). If the mark belongs to someone other than Mr. Chaplin individually, he probably has no basis to be a plaintiff in this lawsuit.

7

strength of plaintiff's mark, any evidence of actual confusion, the proximity of the goods, plaintiff's and defendant's marketing channels, or the type of goods and the degree of care exercised by consumers when purchasing the goods. *Kelley Blue Book v. Car-Smarts, Inc.*, 802 F. Supp. 278, 287 (C.D. Cal. 1992).

Regarding Chaplin's claim of deceptive and unfair trade practices, Chaplin has not pled facts showing CCBN's "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The complaint does not discuss any particular business acts or instances of deceptive advertising beyond a general assertion that CCBN uses the "bodyarmornutrition" mark in advertising. (D.I. 2 at 6). Thus, plaintiff has failed to state a claim for deceptive and unfair trade practices.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.I. 10) is GRANTED. Plaintiff's complaint (D.I. 2) is dismissed without prejudice.

An appropriate order will issue.